**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000875
15-DEC-2017
08:05 AM**

NO. CAAP-15-0000875

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
ZACHERY BOND, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 13-1-1017)

MEMORANDUM OPINION
(By: Reifurth, Presiding Judge, Ginoza and Chan, JJ.)

Defendant-Appellant Zachery Bond (**Bond**) appeals from
the Amended Judgment of Conviction and Probation Sentence, filed
on October 12, 2015, in the Circuit Court of the First Circuit
(**circuit court**).[1] The circuit court convicted Bond of Assault in
the Second Degree, in violation of Hawaii Revised Statutes (**HRS**)
§ 707-711(1)(b) (2014)[2] and sentenced him to, *inter alia*, four

---

[1] The Honorable Karen S.S. Ahn presided.

[2] At the time of the offense in this case, HRS § 707-711(1)(b)
provided:

§707-711 **Assault in the second degree.** (1) A person
commits the offense of assault in the second degree if:

. . . .

(b) The person recklessly causes serious or
substantial bodily injury to another[.]

(4) years probation with three (3) months incarceration as a special condition.

On appeal, Bond contends that the circuit court erred when it refused his request to instruct the jury that consent was a defense to the offense of Assault in the Second Degree. Bond argues that there was sufficient evidence in the record for the defense and the error was not harmless because, if an instruction on consent had been given for Assault in the Second Degree, the jury may have returned a verdict of not guilty or guilty of a lesser charge.

For the reasons discussed below, we affirm.

## I. BACKGROUND

This case stems from an altercation between Bond and Nathaneal Kim (**Kim**) that occurred on May 25, 2013. Bond, Kim, Ryan Chun (**Chun**), and David Reyes (**Reyes**) were friends. Teresa Opsitnick (**Opsitnick**) had been Bond's girlfriend from 2010 until she ended the relationship in July 2012. At the time of the altercation, Kim and Opsitnick were in a relationship.

On the night of May 25, 2013, Reyes invited Kim and Opsitnick to spend the night at his house and they accepted. While Kim and Opsitnick were at Reyes's house, Bond, Chun and another individual came to Reyes's house. The group was in the garage area and after some time Reyes apparently said to Kim and Bond, "This is awkward. You should fight." According to Kim, Bond then sat in a chair a few feet from Opsitnick, with Opsitnick between he and Bond. Kim testified that he then raised his eyebrows, put out his palms and shrugged his shoulders, and that he eventually took off his jacket, at which point the other guys went to the front lawn where Reyes had said they could fight. Kim testified that when he shrugged his shoulders and raised his eyebrows, that indicated his agreement to fight Bond because he did not want Bond to think that he was afraid. However, Opsitnick told Kim not to fight because it was stupid. Kim and Opsitnick did not go to the front, but instead stayed in the garage. After a short time, the others returned to the

2

garage and the physical altercation occurred between Kim and Bond.  Kim was left with injuries requiring surgery.  Kim testified that "[w]e were staged to go in the front [yard]. [Opsitnick] pulled me to the back, and that's where I stayed. I walked away. I did not want to fight. I never wanted to fight." He testified that he did not give Bond permission to hit him.

## II.  DISCUSSION

Bond contends the circuit court erred in rejecting his request to instruct the jury that consent was a defense to Assault in the Second Degree.  Relying on HRS § 702-233 (2014), Bond maintains that there was sufficient evidence to establish that Kim consented to Bond's punches and such consent negatives the reckless state-of-mind element of Assault in the Second Degree.

> The standard of review for a trial court's issuance or refusal of a jury instruction is whether, when read and considered as a whole, the instructions given are prejudicially insufficient, erroneous, inconsistent, or misleading. Erroneous instructions are presumptively harmful and are a ground for reversal unless it affirmatively appears from the record as a whole that the error was not prejudicial.  In other words, error is not to be viewed in isolation and considered purely in the abstract.

State v. Kassebeer, 118 Hawai'i 493, 504, 193 P.3d 409, 420 (2008) (internal quotation marks, citations, and brackets omitted).

HRS §§ 702-233 and 702-234 (2014), located in HRS Chapter 702 (General Principles of Penal Liability), describe when consent is available as a defense.  HRS §§ 702-233 and 702-234 are based on the Model Penal Code (**MPC**) § 2.11.  See H. Stand. Comm. Rep. No. 227, in 1971 House Journal, at 784; Conf. Comm. Rep. No. 1, in 1972 House Journal, at 1035; Model Penal Code § 2.11 (Am. Law Inst., Official Draft 1962).

HRS § 702-233 provides:

> **§702-233  Consent; general.**  In any prosecution, the victim's consent to the conduct alleged, or to the result thereof, is a defense if the consent negatives an element of the offense or precludes the infliction of the harm or evil sought to be prevented by the law defining the offense.

The commentary[3] for HRS § 702-233 provides:

> This section states the <u>general view</u> that the victim's consent to the defendant's conduct, or to the result of the defendant's conduct, is a defense if it negatives an element of the offense (e.g., consent to sexual intercourse on charge of rape) or precludes the harm or evil sought to be prevented by the law defining the offense (e.g., consent by the victim to allow the defendant to demonstrate a wrestling hold or maneuver upon the victim). <u>It is obvious that this general principle should not be extended to all types of evils or harms and therefore this section is intended to be read in conjunction with §702-234 (consent to bodily injury) and §702-235 (ineffective consent)</u>.

(Emphasis added.)

HRS § 702-234 provides:

> **§702-234  Consent to bodily injury.**  In any prosecution involving conduct which causes or threatens bodily injury, consent to such conduct or to the infliction of such injury is a defense if:
> (1)  The conduct and the injury are reasonably foreseeable hazards of joint participation in a lawful athletic event or competitive sport; or
> (2)  The consent establishes a justification for the conduct under chapter 703.

The commentary for HRS § 702-234 states, in part, "[t]his section specifies the types of cases in which consent to conduct which threatens or causes physical injury will constitute a defense." HRS § 702-234 cmt.  In other words, HRS § 702-234 is the more specific statute, designating the circumstances in which consent may be a defense in a prosecution involving conduct which "causes or threatens bodily injury[.]"  HRS § 702-234.

HRS § 702-234 provides only two circumstances where consent is a defense for conduct that causes or threatens "bodily injury."  First, if the "conduct and the injury are reasonably foreseeable hazards of joint participation in a lawful athletic event or competitive sport[.]"  HRS § 702-234(1).  The commentary for subsection (1) states that "[w]here the conduct and injury are the reasonably foreseeable hazards of joint participation in a lawful athletic contest or competitive sport, the injury to one participant, whether it be deliberate (boxing) or fortuitous

---

[3]  We may use the commentary accompanying the Hawai'i Penal Code "as an aid in understanding the provisions of this Code[.]" HRS § 701-105 (2014).

(basketball or football), should not import penal liability to the other party." HRS § 702-234 cmt. These circumstances do not apply to this case. The second circumstance in which HRS § 702-234 applies is if "[t]he consent establishes a justification for the conduct under chapter 703." See HRS § 702-234(2). The commentary for subsection (2) states:

> Subsection (2) permits effective consent when it is given in the context of a situation which would constitute a defense of justification under chapter 703. For example, a parent may intrust the care of a child to another person, thus, under some circumstances, consenting to the use of corporal punishment, which would be sufficient to establish justification for the use of moderate physical force. Again, an adult might submit to certain medical procedures which necessarily entail severe bodily injury.

(Footnote omitted). Based on a plain reading of HRS § 702-234, and considering the commentary as an aid in understanding the statute, we conclude that consent is not a defense applicable to Assault in the Second Degree.

Legislative history is also instructive in this instance. State v. Entrekin, 98 Hawai'i 221, 227, 47 P.3d 336, 342 (2002) (utilizing legislative history to confirm the plain language interpretation of a statute). The legislative history for HRS §§ 702-233 and 702-234 reveals that, beyond the two circumstances delineated in HRS § 702-234(1) and (2), the Legislature did not intend for consent to be used as a defense to offenses resulting in bodily injury. HRS §§ 702-233 and 702-234 are derived from MPC § 2.11. However, the Legislature decided to omit language from MPC § 2.11(2)(a) -- which was originally set out in section 234(1) of the proposed bill H.B. No. 20 -- which would have provided for a defense where "the bodily injury consented to or threatened by the conduct consented to is not serious[.]" Conf. Comm. Rep. No. 1, in 1972 House Journal, at 1035; H.B. 20, 6th Leg., Reg. Sess. (1971); H.B. 20, H.D. 1, S.D. 1, C.D. 2, 6th Leg., Reg. Sess. (1972); Model Penal Code § 2.11 (Am. Law Inst., Official Draft 1962). With respect to deleting this provision, the legislative history indicates:

> Your Committee has agreed to amend Section 234 by deleting Section 234(1). The Committee finds that the law

> should not permit the defense of consent to have such a broad application as contemplated in this Code and that the subsection should not permit, by consent, the type of conduct which would result in bodily injury and disruption of our social fabric.

Conf. Comm. Rep. No. 1, in 1972 House Journal, at 1035; see also Supplemental Commentary on § 702-234. The Legislature clearly intended the defense of consent to be confined to the two circumstances provided in HRS § 702-234(1) and (2) to the extent conduct causes or threatens "bodily injury."

In sum, HRS §§ 702-233 and 702-234 do not allow consent to be a defense for Assault in the Second Degree. The circuit court did not err in rejecting Bond's request for such a jury instruction.

### III. CONCLUSION

For the reasons discussed above, the Amended Judgment of Conviction and Probation Sentence entered on October 12, 2015, in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawaiʻi, December 15, 2017.

On the briefs:

William H. Jameson, Jr.,
Deputy Public Defender,
for Defendant-Appellant.

Brandon H. Ito,
Deputy Prosecuting Attorney,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

6